# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Darrah |
|---|---|---|---|
| CASE NUMBER | 10 C 3997 | DATE | 7-20-10 |
| CASE TITLE | Vashaun Williams (#2008-0017916) vs. Dart, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's motion for leave to file in forma pauperis [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $3.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide Plaintiff an amended civil rights complaint form with instructions. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff, Vashaun Williams, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $3.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff alleges that on April 3, 2010, he was "kidnapped" from Division 10, a "pysch deck," and placed in "supermax" (Division 9) without proper legal authority. While in Division 9, he did not receive his psycho tropic medications. Plaintiff remained in Division 9 for approximately three weeks even though he had not received any disciplinary reports or rule infractions. During the time that he was in Division 9 without his medications, he experienced severe depression, mood swings, and heard voices.

Plaintiff names Sheriff Tom Dart as a defendant because his "policies" failed to protect him from being transported to a none-medical division. Plaintiff names Superintendent Martinez as a defendant because he "knew or should have known" that moving Plaintiff violated the "mandates" of his psychiatrist's orders. Lastly, Plaintiff names Director Godinez as a defendant because he "knew or should have known" that his "customs" violated Plaintiff's equal protection rights. Furthermore, Director Godinez does not have a "level system" as to the placement of detainees.

Plaintiff's complaint must be dismissed because it fails to allege a claim upon which relief can granted.

It is not clear exactly what claim(s) Plaintiff is attempting to bring. Plaintiff appears to be allegedly that his

| STATEMENT |
|---|

transfer to Division 9 violated his constitutional rights. However, Plaintiff does not have a constitutional right to a specific placement within an institution, including a segregation unit. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997).

Plaintiff also alleges that Director Godinez's "custom" violated his equal protection rights. As stated above, Plaintiff did does not have a constitutional right to a specific placement within CCJ. Furthermore, Plaintiff makes no allegations that he is a member of a protected group or that he was treated differently from members not in the protected class. Accordingly, Plaintiff fails to plead an equal protection claim. *See Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

Plaintiff may be bringing a claim based on he not receiving his medications while in Division 9. While the denial of medications may constitute deliberate indifference to a detainee's medical needs, Plaintiff does not sufficiently plead that claim against any of the named defendants. While he indicates that all defendants are sued in both their individual and official capacities, as discussed below, he has not plead such cause of actions against these defendants.

Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. For a supervisor, the personnel responsibility requirement of Section 1983 for an official is satisfied if the conduct causing the constitutional violation occurs at the supervisors direction or with his knowledge and consent. *See Hildebrandt v. Illinois Dep't of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). The supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some casual connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery." *Hildebrandt*, 347 F.3d at 1039 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Plaintiff does not make any allegations of personal involvement in the alleged denial of medical treatment by the named defendants.

As to any claims against the named defendants in their official capacities, claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). However, "a court need not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks*, 578 F.3d at 581 (quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009). Plaintiffs cannot "merely parrot the statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims. . . ." *Brooks*, 578 F.3d at 581.

Here, Plaintiff does not allege a policy or custom as the denial of his medications. He attempts to plead a policy or practice regarding his placement in Division 9. However, he merely "parrots" the language of a policy or practice as to his claims against the named defendants. Plaintiff fails to make any allegations providing some specific facts to ground these legal claims. For example, Director Godinez's unidentified "custom." Thus, Plaintiff has failed to plead any claims against the named defendants.

Plaintiff is advised to perform some basic legal research before drafting his amended complaint, in order to avoid being assessed a "strike" under 28 U.S.C. § 1915(g). Furthermore, Plaintiff should ensure that he fully exhausted his administrative remedies as to his claim (in light of the alleged date of the incident, April 3, 2010, and the timing of filing suit, it appears that Plaintiff may not have had enough time to fully exhaust the available administrative remedies). A detainee must take all the steps required by the institution's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v.*

## STATEMENT

*McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a detainee's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.